Michael A. Taibi, Esq.  SBN.160041
TAIBI AND ASSOCIATES, APC
750 B Street, Suite 2510
San Diego, CA 92101
Telephone: (619) 354-1798
Facsimile: (619) 784-3168  email: taibiandassociates@gmail.com

Attorney for Plaintiff LAWRENCE GAY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GAY, | Case No.: 18-CV-02661-CAB-BLM |
| | **RESPONSE AND OPPOSITION FOR ORDER TO SHOW CAUSE OR PAY FILING FEE.** |
| Plaintiff, | |
| vs. | |
| JUAN ANTONIO BERUMEN, dba EL REY MORO TACO SHOP, et al. | |
| Defendants. | |

To:  THE COURT AND ALL PARTIES OF RECORD:

Plaintiff, Lawrence Gay ("Plaintiff"), is a disabled person who is proceeding as being represented by counsel and has filed a complaint on November 21, 2018 for violations of the Americans with Disabilities Act, Unruh Act, California Disabled Persons Act, Negligence and Declaratory Relief. On this same date,

1  Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. Section
2  1915.  On November 26, 2018, the motion was granted by the Honorable Cathy
3  Ann Bencivengo to proceed *in forma pauperis*.

RECITAL

5       On or about December 6, 2018, the court filed an order to show cause or pay
6  filing fee a it claims to have information indicating that the Plaintiff has the
7  financial ability to pay the previously waived fees.  The court basis its finding on
8  the following claims:

9  1.   Plaintiff's counsel, Michael A. Taibi, has filed at least sixty-six cases with
10 this court in 2018 for a total of 8-plaintiffs.  Four of these cases are for Lawrence
11 Gay, Plaintiff in this matter.  The remaining 7-plaintiffs for which cases were filed
12 are not related to Lawrence Gay nor are they consolidated with this case.

13 2.   The court claims that the "sixty-six cases" utilize the "same complaint" with
14 the exception of the property location and details of the Plaintiff's visit(s).

15 3.   The court also indicates that each of the complaints includes an ADA survey
16 and report performed by William Carter, a specialist, with whom the court
17 unfamiliar.

18 4.   The court states that in all "sixty-six cases" the plaintiffs applied to proceed
19 IFP.  The court claims that income reported by plaintiffs for these applications
20 ranges from $826.00 to $930.00 with some filings including income from ADA
21 settlement ranging from $100.00 to $250.00 per month.

22 5.   The court alleges that when one of the above-referenced applications is
23 denied Mr. Taibi's pays the fee.

24 6.   The court alleges that "almost all of Mr. Taibi's cases settle and/or are
25 voluntarily dismissed with prejudice before or shortly after the answer is filed".

2

1  The dockets remaining do not reflect service upon defendants, and two cases and

2  followed through ENE conferences.

3  7.     The court alleges that Mr. Gay has filed four IFP applications between June

4  and November 2018 and that his monthly expenses vary from $860.00 to $970.00.

5  All applications list income of $910.00 per month in disability income.  The IFP

6  applications do not list any ADA settlement income.  The court cites Case No. 18-

7  cv-01321-L-KSC, 18-cv-01715-MMA-MDD, 18-cv-01717-MMA-KSC.

8  8.     The court vacated the order for *in forma pauperis* based on the afore-

9  referenced information that and is requiring that the Plaintiff file a response or pay

10  the filing fees by December 20, 2018.

11                                     ARGUMENT

12      The IFP application ("IFP") filed by the Plaintiff in this matter relates to his

13  financial condition at the time of filing with this court.  Plaintiff truly and

14  accurately, to the best of his knowledge, listed his income and expenses as they

15  were at the time of filing.  The court cites "sixty-six cases" filed by Plaintiff's

16  attorney, Michael Taibi, fifty-eight of which are unrelated to this matter.  Plaintiff

17  has no connection whatsoever with the other 7-plaintiffs cited by the court that

18  allegedly affect this IFP.  The court appears to believe and be informed that

19  somehow these cases affect Plaintiff's IFP.  Plaintiff's attorney is unaware of any

20  case law or rule(s) that will deny a specific plaintiff and IFP based on the fact that

21  his attorney has filed IFP waivers for other plaintiffs.

22      The court alleges that the afore-referenced "sixty-six cases" utilize the

23  "same complaint" with the exception of the property location and details of the

24  Plaintiff's visit.  Again, these "sixty-six cases" are unrelated in any way and have

25  no relationship to Plaintiff's complaint.  The court does not address Plaintiff's

3

1  complaint as to where or not it is sufficiently plead not does it attack the complaint

2  in any way that would disallow Plaintiff from being granted an IFP.

3      The court alleges that the above-referenced "sixty-six cases" include ADA

4  surveys or reports prepared by William Carter with whom the court is unfamiliar.

5  Again, the "sixty-six cases" are irrelevant in this matter.  Mr. Carter did investigate

6  the property and prepare the Ada survey and report in this matter.  The report is

7  detailed and contains photos of the property that were taken as well to substantiate

8  the violations.  There are hundreds of ADA CASp and other inspectors in the state

9  of California qualified to investigate and prepare detailed ADA surveys and

10  reports.  Mr. Carter is one of those individuals.  The report is attached as an exhibit

11  to the complaint and should not be an issue to be considered in evaluating the an

12  IFP.  It is a matter to be address through the litigation of the complaint.

13      The court alleges that in all "sixty-six cases" referenced above for each of

14  the 8-plaintiffs, incomes range from $826.00 to $930.00 per month with some

15  including income from ADA settlements.  Again, this data regarding income is

16  irrelevant to the instant case.  The only income that should be considered is the

17  income reported for the Plaintiff in this case.   Therefore, the income of other

18  unrelated plaintiffs in making a decision as to whether or not the Plaintiff should

19  be granted an IFP is unwarranted and inappropriate.

20      The court also alleges that when a fee waiver is denied in the above

21  referenced "sixty-six cases" that Mr. Taibi pays the fee.  The fee waiver

22  applications in the above-referenced "sixty-six" cases are not relevant in this

23  matter nor do they need to be addressed.  However, if a fee waiver is denied in this

24  case, it will be paid as instructed through the court order.  All court orders indicate

25

4

1    that a fee must be paid if an order is issued denying an IFP.  Mr. Taibi should not

2    be held "questionable" for following a court order to pay a fee waiver.

3         The court alleges that nearly all of Mr. Taibi's cases are dismissed with

4    prejudice after the answer is filed.  This is a vague and ambiguous statement that is

5    unrelated to this case.  The court does not cite specific cases that supports its

6    position nor is any portion of this statement related to the instant case.

7         The court alleges that Mr. Gay has filed four IFP applications between June

8    and November in 2018 and states that the income varies between $860 to $970.00

9    per month with no stated ADA income.  The court further cites 3-unrelated cases to

10   this matter.  Mr. Gay's income does vary as disability income adjusts as well as his

11   monthly expenses.  He cannot afford a permanent residence and often rents hotel

12   rooms with other people if he has money to do so.  He also pays people to stay in

13   their home.  His disability income is far below the National Standards and is below

14   the poverty level.  Any additional ADA income is very limited as inconsistent.

15   ADA income depends on when a case settles, the amount of settlement and the

16   case attorney's fees and costs.  At times, he receives no money for a case due to the

17   low settlement and case costs.

18        The purpose of filing an ADA case is to ensure that the property is ADA

19   compliant and accessible to individuals of all classes.  Mr. Gay acts on behalf of all

20   disabled persons in an effort to gain ADA accessibility for all disabled persons

21   including himself.  He has no money for filing fees and therefore is entitled to an

22   IFP.

23        It would appear that this IFP application denial is directed toward Mr. Taibi,

24   Plaintiff's attorney, rather than the Plaintiff.  Every IFP application is filed by a

25   Plaintiff for his own complaint and not that of his attorney or any other person.

1  The IFP should be evaluated based on the Plaintiff's ability to pay and not for any
2  other reason.  Plaintiff is entitled to IFP as the court originally granted in this
3  matter.  The court has not provided any additional information or support to
4  conclude that the Plaintiff is not entitled to an IFP fee waiver.

CONCLUSION

6      WHEREFORE, the Plaintiff, Lawrence Gay, hereby requests that the court
7  reinstate his original IFP based on the afore-referenced.  Plaintiff has established
8  his indigence and inability to pay the IFP in this matter.  If the court is so inclined,
9  it may request that if a settlement is entered into by and between the parties that the
10  Plaintiff shall reimburse the court any filing fees or costs that were incurred during
11  the course of litigating this case.

13  Respectfully submitted,

17  Dated: December 19, 2018

MICHAEL A. TAIBI, ESQ
Attorney for Plaintiff
LAWRENCE GAY

CERTIFICATE OF SERVICE
18-CV-02661-CAB-BLM

I, Michael A. Taibi, Esq, certify and declare as follows:

I am over the age of 18-years and not a party to this action.

My business address is 750 "B" Street, Suite 2510, San Diego, California 92101, which is located in the city, county, and state where the mailing described below took place.

I do hereby certify that the foregoing was served via U.S. Mail this 19th day of December 2018, to all parties of record:

RESPONSE AND OPPOSITION FOR ORDER TO SHOW CAUSE
OR PAY FILING FEE

I swear and declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of December 2018, at San Diego, California.

/s/ Michael A. Taibi, Esq.
Michael A. Taibi, Esq.